UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-8014 PA (MAAx) | Date | October 3, 2018 |
|---|---|---|---|
| Title | Angela Contreras v. BMW of North America, LLC, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Kelly Davis | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |

**Proceedings:**  IN CHAMBERS — COURT ORDER

On September 26, 2018, the Court conducted a telephonic status conference. During that status conference, the Court called into question the adequacy of the Notice of Removal's allegations concerning defendant BMW of North America, LLC's ("BMW") invocation of the Court's diversity jurisdiction.

The Court's Minute Order following the status conference specifically identified that the diversity allegations in BMW's Notice of Removal were defective as a result of BMW, which is a limited liability company, having alleged its citizenship as being "incorporated under the laws of Delaware, and has its headquarters and principal place of business in the State of New Jersey, making it a citizen of Delaware and New Jersey." As the Court explained, because BMW is a limited liability company, and not a corporation, defendant has not properly alleged its own citizenship because it has not alleged the citizenship of its members and instead alleged its citizenship as if it were a corporation. By failing to allege its members' citizenship, defendant failed to properly allege its own citizenship and, as a result, did not establish the Court's diversity jurisdiction.

During the status conference, and again in the Minute Order following that status conference, the Court stated that if plaintiff Angela Contreras ("Plaintiff") elected to dismiss her federal claim under the Magnuson-Moss Warranty Act, the Court would decline to exercise supplemental jurisdiction over the remaining state law claims and remand the action to Los Angeles Superior Court. Plaintiff has now filed a Notice of Withdrawal of her federal claim. (Docket No. 16.) Pursuant to the Notice of Withdrawal, the Court dismisses Plaintiff's Magnuson-Moss Warranty Act Claim without prejudice.

"Federal courts are courts of limited jurisdiction," having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391, 395 (1994). A suit filed

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-8014 PA (MAAx) | Date | October 3, 2018 |
|---|---|---|---|
| Title | Angela Contreras v. BMW of North America, LLC, et al. | | |

in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (citing Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988)), amended by 387 F.3d 966 (9th Cir. 2004). "The defendant also has the burden of showing that it has complied with the procedural requirements for removal." Riggs v. Plaid Pantries, Inc., 233 F. Supp. 2d 1260, 1264 (D. Or. 2001). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979)). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

In attempting to invoke this Court's diversity jurisdiction, Defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990). The citizenship of an LLC is the citizenship of its members. See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."); Marseilles Hydro Power, LLC v. Marseilles Land & Water Co., 299 F.3d 643, 652 (7th Cir. 2002) ("the relevant citizenship [of an LLC] for diversity purposes is that of the members, not of the company"); Handelsman v. Bedford Village Assocs., Ltd. P'ship, 213 F.3d 48, 51-52 (2d Cir. 2000) ("a limited liability company has the citizenship of its membership"); Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998); TPS Utilicom Servs., Inc. v. AT & T Corp., 223 F. Supp. 2d 1089, 1101 (C.D. Cal. 2002) ("A limited liability company . . . is treated like a partnership for the purpose of establishing citizenship under diversity jurisdiction").

To remove an action from state to federal court, a defendant must also comply with the procedural requirements for removal. These procedures include a requirement that the "notice of

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-8014 PA (MAAx) | Date | October 3, 2018 |
|---|---|---|---|
| Title | Angela Contreras v. BMW of North America, LLC, et al. | | |

removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1); see also Parrino v. FHP, Inc., 146 F.3d 699, 703 (9th Cir. 1998) ("[A] proper removal notice must be filed within 30 days of service of the plaintiff's complaint."). As with all other requirements for removal jurisdiction, the defendant bears the burden of proving the timeliness of its removal; "courts have noted that the thirty-day time limit for petitioning for removal will be strictly construed against a defendant." Roberson v. Orkin Exterminating Co., 770 F. Supp. 1324, 1328 (N.D. Ind. 1991) (collecting cases)).

As the Court explained in its September 26, 2018 Minute Order, BMW's Notice of Removal contained a defect in that it did not properly allege BMW's own citizenship. "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." Kanter, 265 F.3d at 857; Bradford v. Mitchell Bros. Truck Lines, 217 F. Supp. 525, 527 (N.D. Cal. 1963) ("A petition [for removal] alleging diversity of citizenship upon information and belief is insufficient."). A defendant is presumed to know the facts surrounding its own citizenship. See, e.g., Dugdale v. Nationwide Mut. Fire Ins. Co., No. Civ. A. 4:05 CV 138, 2006 WL 335628, at *5 (E.D. Va. Feb. 14, 2006) ("[A]lthough . . . a defendant need not investigate a plaintiff's citizenship, certainly a defendant is responsible for knowing its own citizenship, and could not ignore such only to later claim that subsequent documents revealed to the defendant its own citizenship."); Day v. Zimmer, Inc., 636 F. Supp. 451, 453 (N.D.N.Y. 1986) (finding that, even if plaintiff misidentifies a defendant's address, "obviously defendant is in the best position to know its residence for diversity purposes"). As a result, BMW's Notice of Removal was defective because it failed to allege facts concerning BMW's own citizenship and was therefore insufficient to invoke this Court's diversity jurisdiction. See Kanter, 265 F.3d at 857.

After the Court issued its September 26, 2018 Minute Order, BMW filed an "Amended Notice of Removal" in which it properly alleged its own citizenship. Even if the Amended Notice could be considered to have alleged sufficient facts to establish the Court's diversity jurisdiction, the Amended Notice of Removal was filed on September 26, 2018, after the Court had already identified the defect in the original Notice of Removal and more than 30 days after BMW was served with the Summons and Complaint. The Court concludes that the Amended Notice of Removal does not cure the procedural defect in the original Notice of Removal. Additionally, the Amended Notice of Removal is itself procedurally defective because it was filed more than 30 days after BMW was served with the Summons and Complaint.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-8014 PA (MAAx) | Date | October 3, 2018 |
|---|---|---|---|
| Title | Angela Contreras v. BMW of North America, LLC, et al. | | |

    Accordingly, the Court concludes that both the Original and Amended Notices of Removal's diversity jurisdiction allegations are procedurally defective. See 28 U.S.C. § 1446(b)(1). Now that Plaintiff's Magnuson-Moss Warranty Act claim is dismissed, the Court declines to exercise supplemental jurisdiction over the remaining state law claims and exercises its discretion to remand the action. See 28 U.S.C. § 1367(c); see also Albingia Versicherungs A.G. v. Schenker Int'l Inc., 344 F.3d 931, 938 (9th Cir. 2003); Harrell v. 20th Century Ins. Co., 934 F.2d 203, 205 (9th Cir. 1991) ("[A] district court has discretion to remand a properly removed case to state court when none of the federal claims are remaining."). This action is remanded to Los Angeles County Superior Court, Case No. BC716785, for failure to comply with the removal requirements of 28 U.S.C. § 1446. See 28 U.S.C. § 1447(c). The Court stays this order until October 10, 2018. If Plaintiff wishes to waive the procedural defects and, as a result, remain in federal court, she must file a Notice of Waiver of Procedural Defects no later than October 10, 2018. If Plaintiff does not file such a Notice, the Court will conclude that Plaintiff has not waived the procedural defects. After that date, the Court will remand this action to Los Angeles County Superior Court as a result of the procedural defects in the Notices of Removal.

    IT IS SO ORDERED.